No. 2026-115

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

IN RE: KANGXI COMMUNICATION TECHNOLOGIES
(SHANGHAI) CO., LTD.,

*Petitioner.*

On Petition for Writ of Mandamus
from the United States Patent and Trademark Office,
Patent Trial and Appeal Board
in Nos. IPR2025-00372 and IPR2025-00373

**DIRECTOR'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS**

BRAD HINSHELWOOD
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, D.C. 20530*
  *(202) 514-4819*

NICHOLAS T. MATICH
  *Solicitor*
ROBERT J. McMANUS
  *Acting Deputy Solicitor*
PETER J. SAWERT
FAHD H. PATEL
  *Associate Solicitors*
  *Office of the Solicitor*
  *U.S. Patent and*
   *Trademark Office*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................ 1

BACKGROUND ............................................................................ 7

ARGUMENT .............................................................................. 13

    I.    Petitioner's Statutory Complaints Are Barred
        By 35 U.S.C. § 314(d). ................................................. 13

    II.   Petitioner's Due Process Claims Are Simply
        Meritless Statutory Claims .......................................... 21

    III.  Petitioner Cannot Satisfy The Other Mandamus
        Factors ........................................................................ 30

        A.   Petitioner Has Alternate Means of Relief. ......... 31

        B.   Mandamus Relief Is Inappropriate Under
             the Circumstances ............................................ 32

CONCLUSION ............................................................................ 34

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alberico v. United States,*
783 F.2d 1024 (Fed. Cir. 1986) ................................................ 25

*American Mfrs. Mut. Ins. Co. v. Sullivan,*
526 U.S. 40 (1999)...................................................................... 22

*Apple Inc. v. Fintiv, Inc.,*
No. IPR2020-00019, 2020 WL 2126495
(P.T.A.B. Mar. 20, 2020) ........................................... 8, 9, 12, 13

*Apple Inc. v. Vidal,*
63 F.4th 1 (Fed. Cir. 2023)...............................................*passim*

*Barnhart v. Devine,*
771 F.2d 1515 (D.C. Cir. 1985) ................................................ 32

*Bryan v. McDonald,*
615 F. App'x 681 (Fed. Cir. 2015) (unpublished)...................... 32

*In re Cambridge Indus. USA Inc.,*
No. 26-101, 2025 WL 3526129
(Fed. Cir. Dec. 9, 2025) ....................................................*passim*

*Cheney v. U.S. Dist. Ct. for D.C.,*
542 U.S. 367 (2004)................................................. 2, 22, 30, 32

*Cleveland Bd. of Educ. v. Loudermill,*
470 U.S. 532 (1985).................................................................. 25

*Cuozzo Speed Techs., LLC v. Lee,*
579 U.S. 261 (2016)..........................................................*passim*

*Dabico Airport Solutions Inc. v. AXA Power ApS,*
IPR2025-00408, 2025 WL 1710857
(Acting Director Jun. 18, 2025) .................................. 11, 12, 25

*In re Dominion Dealer Sols., LLC,*
749 F.3d 1379 (Fed. Cir. 2014) .......................................... 21, 30

*Durr v. Nicholson,*
400 F.3d 1375 (Fed. Cir. 2005) ............................................... 28

*Fornaro v. James,*
416 F.3d 63 (D.C. Cir. 2005)................................................... 32

*General Plastic Indus. Co. v. Canon Kabushiki Kaisha,*
No. IPR2016–01357, 2017 WL 3917706
(P.T.A.B. Sept. 6, 2017)............................................................ 8

*In re Google LLC,*
No. 2025-144, 2025 WL 3096849
(Fed. Cir. Nov. 6, 2025).....................................................*passim*

*Google LLC v. EcoFactor, Inc.,*
No. IPR2021-01578, 2022 WL 945681
(P.T.A.B. Mar. 18, 2022) .......................................................... 9

*In re HighLevel, Inc.,*
No. 25-148, 2025 WL 3527144
(Fed. Cir. Dec. 9, 2025) ................................................ 1, 2, 3, 15

*Kangxi Commc'n Techs. (Shanghai) Co., Ltd.*
*v. Skyworks Solutions, Inc.,*
IPR2025-00372, Paper 12 (PTAB Aug. 15, 2025)..................... 13

*Landgraf v. USI Film Prods.,*
511 U.S. 244 (1994)..................................................... 26, 27, 29

*In re Motorola Solutions, Inc.,*
159 F.4th 30 (Fed. Cir. Nov. 6, 2025) ..............................*passim*

*Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.,*
989 F.3d 1375 (Fed. Cir. 2021) ........................................*passim*

*Princess Cruises, Inc. v. United States,*
397 F.3d 1358 (Fed. Cir. 2005) ........................................ 27, 28

*Renesas Electr. Corp. v. Broadcom Corp.*,
No. IPR2019-01039, 2019 WL 5802404
(P.T.A.B. Nov. 6, 2019) ............................................................. 9

*Rodriguez v. Peake*,
511 F.3d 1147 (Fed. Cir. 2008) ................................................ 27

*In re Sandisk Techs., Inc.*,
No. 2025-152, 2025 WL 3526507
(Fed. Cir. Dec. 9, 2025) ......................................................*passim*

*In re SAP America, Inc.*,
No. 2025-132, 2025 WL 3096788
(Fed. Cir. Nov. 6, 2025)................................................. 1, 2, 3, 15

*Thryv, Inc. v. Click-to-Call Technologies, LP*,
590 U.S. 45 (2020)...................................................................... 14

*United States v. Arthrex, Inc.*,
594 U.S. 1 (2021)........................................................................ 33

*United States v. Carlton*,
512 U.S. 26 (1994).................................................................... 24

## Statutes

35 U.S.C. § 314....................................................................*passim*

35 U.S.C. § 315.................................................................... 7, 13

35 U.S.C. § 318............................................................................ 7

35 U.S.C. § 319............................................................................ 7

**Other Authorities**

37 C.F.R. § 42.4(a) ......................................................... 8

37 C.F.R. § 42.15(a)(1) .................................................. 23

37 C.F.R. § 42.15(a)(2) .................................................. 23

78 Fed. Reg. 4233 ........................................................ 23

U.S. Const. amend. V ................................................... 22

# INTRODUCTION

"Given Congress committed institution decisions to the Director's discretion and protected that exercise of discretion from judicial review by making such determinations final and nonappealable, mandamus is ordinarily unavailable for review of institution decisions." *In re Motorola Solutions, Inc.*, 159 F.4th 30, 36 (Fed. Cir. Nov. 6, 2025) (precedential) (cleaned up); *see also In re Cambridge Indus. USA Inc.*, No. 26-101, 2025 WL 3526129, at *2 (Fed. Cir. Dec. 9, 2025); *In re HighLevel, Inc.*, No. 25-148, 2025 WL 3527144, at *1 (Fed. Cir. Dec. 9, 2025), *In re Sandisk Techs., Inc.*, No. 2025-152, 2025 WL 3526507, at *1 (Fed. Cir. Dec. 9, 2025) (relying on *Cambridge*), *In re Google LLC*, No. 2025-144, 2025 WL 3096849, at *1 (Fed. Cir. Nov. 6, 2025), *In re SAP America, Inc.*, No. 2025-132, 2025 WL 3096788, at *2 (Fed. Cir. Nov. 6, 2025). The *only* circumstance in which this Court can review—on mandamus—the Director's decision to deny IPR institution is when there exist colorable claims that the Director exercised his discretion in an unconstitutional manner. *See Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). And to obtain the "drastic and extraordinary" mandamus remedy, a

petitioner must show that it has (1) a "clear and indisputable" right to relief; (2) no "alternative avenues of relief"; and (3) that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 379-81 (2004) (quotation marks omitted).

This Court's decisions in *Motorola*, *Cambridge*, *HighLevel*, *Sandisk*, *Google*, and *SAP* rejecting similar mandamus petitions answer this Petition. In *Motorola*, for example, this Court rejected similar arguments that the Director should be required to revert to a prior policy on discretionary consideration of parallel litigation, 159 F.4th at 36-37, and, in *Cambridge*, for example, this Court rejected similar arguments "about what factors the Director may consider when deciding whether to institute," in particular the age of the challenged patent, 2025 WL 3526129, at *2-*3. As in those cases, Petitioner here seeks the extraordinary remedy of mandamus based on its dissatisfaction with the Acting Director's application of institution criteria—described in agency guidance—to deny institution of its IPR

petition.[1]  Petitioner contends that the Acting Director's application of the institution criteria violates the America Invents Act (AIA), the Administrative Procedure Act (APA), and the Constitution.  This Court has already denied nearly identical legal arguments in *Motorola*, *Google*, *SAP*, *Cambridge*, *HighLevel*, and *Sandisk* and should do the same here, as Petitioner's arguments do not approach the very high bar for mandamus relief.

To begin, much of Petitioner's argument is barred by 35 U.S.C. § 314(d), which precludes judicial review of claims that the USPTO's institution decisions violate a statute, including the AIA and APA.  Petitioner suggests that § 314(d) has only a limited role in this Court's jurisdiction over a petition for a writ of mandamus, arguing that any allegation that the Director exceeded the bounds of the AIA or APA is reviewable by this Court.  Pet. 10-11.  But this Court has clearly

---

[1] Deputy Director Coke Morgan Stewart was the Acting Director at the time of the challenged agency actions.  Appx1.  On September 22, 2025, John A. Squires was sworn in as the Director.  *See* https://www.uspto.gov/about-us/news-updates/uspto-welcomes-new-director-john-squires (last visited, Dec. 16, 2025).  This brief refers to Acting Director Stewart when describing her actions taken at the time she was Acting Director.

recognized that its mandamus jurisdiction to review decisions denying institution is limited to colorable *constitutional* claims. The Petition addresses statutory grievances which are nonjusticiable in this mandamus action. *See Motorola*, 159 F.4th at 38; *Cambridge*, 2025 WL 3526129, at *2-*3.

Petitioner's due-process complaints are equally unavailing. Petitioner cannot evade the limits on this Court's mandamus jurisdiction by simply putting a "due-process" label on its arguments. And even insofar as the Petition identifies a constitutional due-process claim, Petitioner cannot establish a clear and indisputable right to relief. Petitioner fails to establish a protected property interest in having its petition considered under any particular set of criteria the agency might use to determine if institution is warranted. Repeatedly pointing to the IPR filing fees does not supply the missing protected property interest. Petitioner does not deny that it knew "institution was not guaranteed" (Pet. 13) or that it received the discretionary decisions on its IPR petitions for which those fees were paid (Pet. 8). Instead, Petitioner alleges a denial of due process in the way in which

those decisions were made (failure to apply its preferred criteria).  This Court has already held that such an argument is insufficient to establish an interest protected by due process, and further, that no such right can arise in "applications for discretionary benefits." *Motorola*, 159 F.4th 36-37.

Even if Petitioner could establish the type of entitlement that might support a constitutionally protected interest, Petitioner received the due-process requisites of notice and the opportunity to be heard; the USPTO afforded Petitioner opportunities to make its case for institution under the agency guidance.  *See Motorola*, 159 F.4th at 36.

Petitioner seeks to read out § 314's broad grant of discretion to the Director—and read in limitations on that discretion that have no foundation in the relevant statutory text—in contradiction of settled precedent from this Court and the Supreme Court.  *See Cambridge*, 2025 WL 3526129, at *3.

Petitioner similarly cannot satisfy the mandamus standard's other requirements.  Petitioner says that it has no other avenue for relief because this Court has said that review of institution decisions is

available only through mandamus. But that just highlights the fact that Petitioner is attempting to obtain judicial review of decisions this Court has recognized are within the USPTO's unreviewable discretion. Petitioner claims no independent harm from any asserted constitutional violation, asserting only a desire to invalidate patent claims in its preferred forum. Petitioner has several "alternative avenues of relief" through which it may seek invalidation of the challenged patent claims, as Petitioner remains free to avail itself of district court litigation or ex parte reexamination.

Petitioner cannot otherwise show that mandamus relief would be appropriate. Congress gave the Director wide latitude to manage IPR proceedings, insulating institution decisions from appellate review. The Acting Director's action here reflects the practical reality that each Director must balance requests for administrative review of patent claims against the other needs of the USPTO and the patent system more generally. When Acting Director Stewart took office in February 2025, she faced a significantly different situation than existed in 2022: the backlog and pendency of ex parte appeals that the Board

needed to address was higher, the number of Administrative Patent Judges was lower, and the agency was subject to a hiring freeze. Petitioner's request for a judicial order forcing the Director to adhere to a particular rubric for discretionary institution of IPR proceedings is not an "appropriate" use of the writ.

## BACKGROUND

1.  When Congress created inter partes review, it set out various statutory bars precluding the USPTO Director from instituting an IPR, but no set of circumstances in which institution is required. *See* 35 U.S.C. §§ 314(a), 315. Congress further provided that although the agency's final written decision with respect to patentability is subject to appeal in this Court, *see id.* §§ 318, 319, the determination by the Director whether to institute an IPR is "final and nonappealable," *id.* § 314(d). Both this Court and the Supreme Court have repeatedly made clear that the USPTO is under "no mandate to institute review" and the "decision to deny [an IPR] petition is a matter committed to the Patent Office's discretion." *Mylan*, 989 F.3d at 1382 (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016)). Thus, "[t]he Director is

permitted, but never compelled, to institute an IPR," and "no petitioner has a right to … institution." *Id.*

2. Historically, the Director delegated broad discretion over whether to institute IPR proceedings to the Board, *see* 37 C.F.R. § 42.4(a), and Directors have set out various criteria for the Board to use in employing that delegated authority, *see, e.g., General Plastic Indus. Co. v. Canon Kabushiki Kaisha*, No. IPR2016–01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017) (precedential) (discussing discretionary factors for multiple IPR petitions). Because IPR proceedings often coincide with parallel district court litigation, for years Directors have instructed the Board to consider a non-exhaustive list of factors to address concerns about redundancy or wastefulness. These factors are set forth in *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) (precedential).

On June 21, 2022, former USPTO Director Katherine Vidal issued a memorandum (June 2022 Memo) setting out "interim" guidance, pending formal rulemaking, regarding the Board's application of the

*Fintiv* factors for the Board to follow when exercising the Director's delegated institution discretion. Appx9-17. Among other things, the June 2022 Memo stated that "the PTAB no longer discretionarily denies petitions based on applying *Fintiv* to a parallel [USITC] proceeding." [2] Appx14-15.

On February 28, 2025, Acting Director Stewart rescinded the June 2022 Memo (Rescission). Appx48. On March 24, 2025, then-Chief Administrative Patent Judge Scott Boalick issued a memorandum providing additional guidance as to how the Board should proceed considering the Rescission. Appx50-52. That memo clearly stated that "the Board will apply the *Fintiv* factors when there is a parallel proceeding at the [USITC]." Appx51.

---

[2] Prior to the June 2022 Memo, in certain circumstances, the Board denied institution under *Fintiv* in view of a parallel ITC proceeding. *See, e.g., Google LLC v. EcoFactor, Inc.*, No. IPR2021-01578, 2022 WL 945681 (P.T.A.B. Mar. 18, 2022). In other circumstances, however, the Board did not discretionarily deny in view of a parallel ITC proceeding. *See, e.g., Renesas Electr. Corp. v. Broadcom Corp.*, No. IPR2019-01039, 2019 WL 5802404 (P.T.A.B. Nov. 6, 2019).

3. On March 26, 2025, Acting Director Stewart issued a memorandum entitled "Interim Processes for PTAB Workload Management," in order "[t]o ensure that the PTAB continues to meet its statutory obligations as to *ex parte* appeals, while continuing to maintain its capacity to conduct AIA proceedings." Appx53. The memo outlined a new briefing schedule that bifurcated briefing between (1) discretionary considerations and (2) merits and other non-discretionary statutory considerations. Appx53-55. The briefing on discretionary considerations would "address all relevant considerations," including "[s]ettled expectations of the parties, such as the length of time the claims have been in force." Appx54-55. The guidance outlined in the memo applied prospectively to "IPR and PGR proceedings where the deadline for the patent owner to file a preliminary response has not yet passed." Appx55.[3]

---

[3] The new USPTO Director, John Squires, temporarily delegated his discretion over IPR institution decisions to now-Deputy Director Stewart. *See* https://www.uspto.gov/sites/default/files/documents/dsco-delegation.pdf (last visited Dec. 16, 2025). On October 17, 2025, the Director announced that going forward, although the bifurcated briefing process in the Interim Processes memo would remain in place, he would both (1) directly exercise his discretion over IPR institution decisions and (2) perform the merits-based institution determination. *See*

Later, Acting Director Stewart discretionarily denied institution

in *Dabico Airport Solutions Inc. v. AXA Power ApS*, IPR2025-00408,

2025 WL 1710857, Paper 21 (Acting Director Jun. 18, 2025) (*Dabico*)

(also at Appx56-60). In *Dabico*, Acting Director Stewart "exercise[d]

discretion to deny institution [] based on a holistic assessment of all of

the evidence and arguments presented." *Id.* at *2. *Dabico* further

noted that, there, "the challenged patent has been in force almost eight

years, creating settled expectations." *Id.* at *1. Because in its briefing,

Petitioner did not provide "persuasive reasons why the Office should

review the challenged patent . . . the Office is disinclined to disturb the

settled expectations of Patent Owner in this instance." *Id.*

4. This mandamus petition concerns two IPR petitions filed by

Petitioner Kangxi Communication Technologies (Shanghai) Co., Ltd.

(KCT) challenging claims of a patent held by Skyworks Solutions, Inc.

(Skyworks). *See* Appx1. Following the bifurcated briefing schedule,

Skyworks filed briefs in both proceedings arguing that the Acting

---

https://www.uspto.gov/sites/default/files/documents/Director_Institution
_of_AIA_Trial_Proceedings.pdf (last visited Dec. 16, 2025).

Director should exercise her discretion to deny institution, including argument about the *Fintiv* factors in view of a parallel USITC investigation and about settled expectations. Appx161-205; Appx347-386. Petitioner opposed discretionary denial, including substantively responding with its own analysis of the *Fintiv* factors in view of the parallel ITC proceeding, but chose not to address Skyworks's arguments about settled expectations. Appx206-256; Appx387-448.

Acting Director Stewart issued a decision denying institution "based on the totality of the evidence and arguments the parties have presented." Appx1-4. The decision noted that "the challenged patents have been in force for more than 7 and 14 years" and that "Petitioner [did] not provide any persuasive reasoning why an *inter partes* review [would be] an appropriate use of Board resources." Appx2 (citing *Dabico*). Thus, the Acting Director concluded that discretionary denial was appropriate. The Acting Director noted that "[a]lthough certain arguments are highlighted" in the decision "the determination to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented." *Id.*

Petitioner then requested Director Review of the discretionary denial decision, arguing violations of statutes and Due Process in the agency's application of the *Fintiv* factors to the parallel USITC proceeding and in the consideration of settled expectations. *See*, *e.g.*, *Kangxi Comm'n Techs. (Shanghai) Co., Ltd. v. Skyworks Solutions, Inc.*, IPR2025-00372, Paper 12 (PTAB Aug. 15, 2025). Petioner's request for Director Review of the discretionary denial decisions was subsequently denied. Appx6; Appx8. Petitioner now seeks a writ of mandamus to overturn Acting Director Stewart's non-institution decision.

## ARGUMENT

### I. Petitioner's Statutory Complaints Are Barred By 35 U.S.C. § 314(d).

In § 314(d), Congress expressly precluded judicial review of the Director's "determination … whether to institute an inter partes review," providing that the decision is "final and nonappealable." 35 U.S.C. § 314(d). While various statutory strictures preclude the Director from granting a petition to institute an IPR, *see, e.g.*, 35 U.S.C. § 315(a), (b), the Supreme Court in *Cuozzo* held that the "decision to

*deny* a petition [for IPR] is a matter committed to the Patent Office's discretion," *Cuozzo*, 579 U.S. at 273 (emphasis added). Accordingly, "no petitioner has a right to … institution." *Mylan*, 989 F.3d at 1382. And the Supreme Court further clarified in *Thryv, Inc. v. Click-to-Call Technologies, LP*, 590 U.S. 45 (2020), that § 314(d)'s bar on appeals from institution decisions means that there is no judicial review of "challenges grounded in statutes related to the institution decision." *See id.* at 56 (cleaned up).

This Court has recognized that § 314(d) does not bar this Court from "protect[ing] [its] prospective jurisdiction through mandamus" where the USPTO issues "[a] decision denying institution," which "prevents the Board from issuing any final decision that falls within [this Court's] direct appellate jurisdiction." *Mylan*, 989 F.3d at 1380. But importantly, this Court has recognized that its mandamus jurisdiction is limited by Congress's decision to commit the institution decision to the Director's discretion and to prohibit appeals of such decisions: "[T]here is no reviewability of the Director's exercise of his discretion to deny institution except for colorable constitutional claims."

*Id.* at 1382. "Given the limits on [the Court's] reviewability," *ultra vires* or other statutory arguments "cannot be a basis for granting [a] petition for mandamus" over a decision denying IPR institution. *Id.* at 1382-83.

The Court reiterated this holding in *Motorola, Google, SAP, Cambridge, HighLevel, and Sandisk,* stating that "mandamus is ordinarily unavailable for review of institution decisions," including the type of purported constitutional claim and statutory challenges lodged here. *Motorola*, 159 F.4th at 36; *Google*, 2025 WL 3096849, at *1-2; *SAP*, 2025 WL 3096788, at *2; *Cambridge*, 2025 WL 3526129, at *2; *HighLevel*, 2025 WL 3527144, at *1; *Sandisk*, 2025 WL 3526507, at *1 (applying *Cambridge*).[4]

---

[4] This Court in *Motorola* referenced a possible exception for "certain statutory challenges," 159 F.4th at 36 (citing *Apple v. Vidal*, 63 F.4th 1, 12 n.5 (Fed. Cir. 2023), and similarly referenced a "limited category of non-constitutional challenges," *id.* at 38. *See also Cambridge*, 2025 WL 3526129, at *2 & 3. No such possible exceptions exist here. *Motorola* explicitly rejected statutory challenges, like the ones here, that "challenge the Director's exercise of discretion to deny institution." 159 F.4th at 38 (quoting *Mylan*, 989 F.3d at 1382 (cleaned up)). And *Cambridge* makes clear that challenges to the particular factors considered when rendering institution decisions are not subject to mandamus jurisdiction. 2025 WL 3526129, at *3. Furthermore, the *Apple* footnote cited in *Motorola* and *Cambridge* simply recognized that *Cuozzo* left open the possibility that § 314(d) may not bar review of statutes "less closely related" to institution "or that present other

These principles foreclose Petitioner's mandamus petition insofar as it raises claims regarding statutory requirements, including those in the AIA and APA. Whatever constitutional claims § 314(d) might permit litigants to raise regarding institution denial through a mandamus petition, they do not include "run-of-the-mill statutory interpretation" questions reframed as constitutional violations. *Apple Inc. v. Vidal*, 63 F.4th 1, 13 (Fed. Cir. 2023); *see Mylan*, 989 F.3d at 1381-83 (rejecting two statutory challenges "[g]iven the limits on [the Court's] reviewability" through mandamus of decisions not to institute IPR).

In *Motorola* and *Cambridge*, the Court reiterated *Mylan*'s holding that such statutory arguments rooted in the APA are not available for

_____

questions of interpretation that reach, in terms of scope and impact, well beyond" § 314(d). *Apple*, 63 F.4th at 12 n.5 (quoting *Cuozzo*, 579 U.S. at 275); *see also Cambridge*, 2025 WL 3526129, at *2 (same). *Apple* and *Cuozzo* did not involve questions of mandamus jurisdiction, and *Cuozzo* did not involve a denial of institution. Neither the Supreme Court nor this Court has identified an example of a statutory interpretation question in the *non-institution* context that could be subject to mandamus review. In contrast, this Court stated in *Mylan*, without further exception, that "there is no [mandamus] reviewability of the Director's exercise of his discretion to *deny* institution except for colorable constitutional claims." 989 F.3d at 1382 (emphasis added).

mandamus relief. *Motorola*, 159 F.4th at 38; *Cambridge*, 2025 WL 3526129, at *2-3. Thus, as this Court has already held in *Cambridge*, 2025 WL 3526129, at *2-3, and *Sandisk*, 2025 WL 3526507, at *1, Petitioner's claims that the USPTO's consideration of "settled expectations" violated the statutory limitations of the AIA (Pet. 18-19) and the APA (Pet. 19-24), necessarily fail.

Finally, the Court's reiteration and application of *Mylan* in *Motorola* and *Cambridge* to reject similar arguments forecloses Petitioner's argument (Pet. 10-11) that § 314(d) *only* "partly shield[s]" this Court from reviewing the Director's decisions "made *within* the agency's statutory jurisdiction." Even more fundamentally, Petitioner makes no attempt to square its argument about the limitations on the scope of § 314(d) with the Supreme Court's unqualified statement that "the agency's decision to deny a petition [for IPR] is a matter committed to the Patent Office's discretion." *Cuozzo*, 579 U.S. at 273 (citing 35 U.S.C. § 314(a)). The Supreme Court's citation to § 314(a) as the source of that discretion makes clear that Petitioner's argument falls within the "questions that are closely tied to the application and interpretation

of statutes related to the Patent Office's decision to initiate inter partes review." *Cuozzo*, 579 U.S. at 274-75.

Petitioner attempts to circumvent *Mylan* by relying (Pet. 10) on *Cuozzo*, which stated that consistent with the APA, judicial "review" may be available if the USPTO has engaged in shenanigans "in excess of statutory jurisdiction." 579 U.S. at 275. But *Cuozzo* neither involved mandamus jurisdiction nor sought review of a non-institution decision. *See id.* at 275-76. Under this Court's decisions in *Mylan*, *Motorola*, *Cambridge*, and *Sandisk*—all issued against the backdrop of *Cuozzo*— Petitioner cannot use mandamus to bring an APA challenge to the agency's consideration of settled expectations as a criterion to deny institution. *Mylan*, 989 F.3d at 1379-82 (explaining that the "extraordinary circumstances" for which mandamus is available to review "a denial of institution" are limited to "colorable constitutional claims" regarding "the Director's exercise of his discretion to deny institution"); *Motorola*, 159 F.4th at 38 (explaining that a petitioner's "request is nothing but an attempted end run around § 314(d)'s bar on review"); *Cambridge*, 2025 WL 3526129, at *2-3 (explaining that

"arguments … about what factors the Director may consider when deciding to institute IPR" such as "the settled expectations factor" are not reviewable); *Sandisk*, 2025 WL 3526507, at *1 (explaining "non-constitutional challenges to the PTO's consideration of 'settled expectations' as a factor in declining to institute IPR do not establish a clear and indisputable right to relief").  Similarly, under this Court's decision in *Cambridge*, Petitioner cannot use mandamus to bring an APA challenge to the agency's consideration of "parallel district court litigation involving the same patents" as a criterion to deny institution. *Cambridge*, 2025 WL 3526129, at *2 (citing *Mylan*, 989 F.3d at 1378-79, 1381).  That reasoning applies with equal force to the agency's consideration of parallel USITC litigation.

This Court's reliance on the holding from *Mylan* in *Motorola* and *Cambridge* to reject virtually identical arguments to those made here undercuts any argument that *Mylan*'s holding on the limits of mandamus review was somehow case specific.  As this Court explained in *Mylan*, the limit on mandamus review necessarily follows from "the

statute's bestowal of discretion on the Director combined with its prohibition on appeal of such decisions." 989 F.3d at 1382.

Contrary to Petitioner's attempt to expand mandamus to cover statutory APA claims, this Court has only held that a party may file an APA action in district court about the necessity of following notice-and-comment requirements for a given procedure—if the party establishes standing to seek "prospective relief only," rather than relief in connection with any prior institution-related decision. *See Motorola*, 159 F.4th at 38 (explaining that *Apple* involved "a challenge to whether the PTO has complied with APA's notice-and-comment rulemaking requirements 'apart from the reviewability of' a specific institution decision") (quoting *Apple*, 63 F.4th at 14); *see also Cambridge*, 2025 WL 3526129, at *2 (reiterating *Motorola* on this point); *Apple*, 63 F.4th at 10; *see id.* at 14-17 (concluding plaintiff adequately demonstrated standing to bring a notice-and-comment challenge by showing "a substantial risk that the harm will occur in the future because of the instructions" it contended should have gone through notice-and-comment procedures) (quotation marks omitted)). As a remedy, this

Court did not contemplate reversal of past institution denials, but rather that notice-and-comment rulemaking could result in a "change[] in a way favorable to" the plaintiff in the challenged "instructions" the Director issued to guide the future exercise of delegated institution discretion. *Apple*, 63 F.4th at 17. Importantly, however, this Court in *Apple* reiterated that § 314(d) bars APA challenges to even "content-focused challenges," whether those challenges target an institution decision "the Director personally made … accompanied by an explanation containing the" reasoning a plaintiff contends is unlawful, or an institution decision made by the Director's delegate. 63 F.4th at 13. Here, to the extent Petitioner can challenge any aspect of the USPTO's institution-related practices under the APA and AIA, it raises its arguments in the wrong court, through the wrong type of action, seeking the wrong sort of relief.

## II. Petitioner's Due Process Claims Are Simply Meritless Statutory Claims.

To be eligible for mandamus relief, a petitioner must show a "clear and indisputable" right to relief. *In re Dominion Dealer Sols., LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014) (quotation marks omitted); *see also*

*Cheney*, 542 U.S. at 380-81. Petitioner cannot establish a "clear and indisputable" constitutional violation warranting a writ of mandamus, much less one requiring the agency to revisit Acting Director Stewart's decision to deny IPR institution without consideration of the challenged patent's age or the existence of parallel USITC litigation.

A. Petitioner has not identified the requisite interest to support a due-process challenge. The Due Process Clause protects against the deprivation "of life, liberty, or property, without due process of law." U.S. Const. amend. V. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest" in liberty or property. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

This Court's decisions in *Motorola* and *Cambridge* foreclose the possibility that Petitioners possess a constitutionally protected interest in having the Director apply a particular set of discretionary criteria when determining whether to grant IPR institution. *See Motorola*, 159 F.4th at 37-38; *Cambridge* 2025 WL 3526129, at *2. In *Motorola*, the Court determined that: (1) there is no history or tradition supporting a

constitutionally protected right to require the Director to consider any particular set of discretionary criteria and (2) Motorola's "own unilateral expectation" of the Director applying a particular set of discretionary criteria does not support a due process claim.  F.4th at 37-38.  In *Cambridge*, this Court echoed both holdings from *Motorola*, further explaining that "like Motorola, Cambridge identifies no constitutionally protected right for its petition to be considered based on certain criteria and certainly no constitutional right to an IPR." *Cambridge* 2025 WL 3526129, at *2 (cleaned up.)  Thus, Petitioners here do not possess any constitutionally protected interest that could be the basis for a due-process claim.

Petitioners' claim that filing fees constitute an interest (Pet. 11-12) is meritless.  Petitioners merely paid an IPR "request fee" for each petition under 37 C.F.R. § 42.15(a)(1), which does not entitle Petitioners to anything other than the USPTO's evaluation of the petitions for institution purposes.  Petitioners pay a separate "Post-Institution fee" under 37 C.F.R. § 42.15(a)(2) for which they may seek a refund given the Director's denial of institution. 78 Fed.

Reg. 4233; *see also* https://www.uspto.gov/patents/ptab/ faqs#type-browse-faqs_207638.

And nothing in the AIA entitles Petitioner to an evaluation of a petition's merits in an institution decision. Section 314(c) requires a written notification of "the Director's determination under [§ 314(a)]." The § 314(a) determination includes both the Director's discretion to institute and, in the absence of discretionary denial, a determination on the merits. *See Cuozzo*, 579 U.S. at 273. Petitioners' payment of request fees cannot constitute a constitutionally protected property interest in either a specific institution outcome or in the application of particular discretionary criteria. *See Motorola*, 159 F.4th at 37-38; *Google*, 2025 WL 3096849, *2.

As the Court stated in *Motorola*, "[e]ven if [Petitioner] relied on the [June 2022 Memo] when it undertook the expense of filing the petitions, … that 'reliance alone is insufficient to establish a constitutional violation.'" 159 F.4th 37-38 (quoting *United States v. Carlton*, 512 U.S. 26, 33 (1994)). This Court's explicit consideration of

fees in that statement undercuts Petitioner's argument that its focus on money makes *Motorola* distinguishable.

B. Even if Petitioner could demonstrate a protected property interest in IPR institution, it still could not establish a due-process violation. "Once a property interest is shown, all due process requires is notice and an opportunity to be heard." *Alberico v. United States*, 783 F.2d 1024, 1027 (Fed. Cir. 1986) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Here, the Chief Administrative Patent Judge of the Board and the Acting Director issued memos providing notice that the agency would consider settled expectations and parallel USITC litigation when determining whether to institute review. Appx51; Appx54. The Acting Director also issued a decision in *Dabico* that identified circumstances in which settled expectations resulted in institution denial. Petitioner took advantage of the opportunity to be heard in its briefing, and argued for institution despite the presence of the parallel USITC litigation. *Supra* at pp. 12-13.

Accordingly, the USPTO satisfied any due-process rights Petitioner had in the IPR institution process. *See Motorola*, 159 F.4th at 37 (assuming "principles [regarding surprise] are applicable to this context" and explaining that nonetheless "Motorola did not experience anything close to the kind of unfair surprise that might raise a due process violation"). The relief Petitioner seeks is not to be heard on its IPR petition in light of institution criteria applied by Acting Director Stewart—because it was heard—but for the Acting Director to apply a former Director's discretionary criteria and reach a different outcome. *See* Pet. x, 26. The Due Process Clause requires no such remedy and certainly does not guarantee Petitioner a specific outcome once heard. *See Motorola*, 159 F.4th at 36.

C. Petitioner's invocation of retroactivity and reliance principles (Pet. 15-18) similarly fails. A "retroactive" rule is one that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994); *see also Princess Cruises, Inc. v. United States*,

397 F.3d 1358, 1362 (Fed. Cir. 2005). Petitioners incorrectly suggest that Acting Director Stewart applied criteria for discretionary denial retroactively. But Acting Director Stewart's application of the guidance was prospective because she did consider the parallel USITC proceeding or settled expectations in denying institution until *after* promulgating the guidance.

But even assuming Acting Director Stewart's application of discretionary criteria operated retroactively with respect to Petitioner, this Court has made clear that the retroactivity analysis examines "not merely whether a change has occurred," but "the *nature and extent* of the change in the law," as well as "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Rodriguez v. Peake*, 511 F.3d 1147, 1153 (Fed. Cir. 2008) (first quoting *Princess Cruises,* 397 F.3d at 1362-63; and then quoting *Landgraf*, 511 U.S. at 270).

Here, the Acting Director's denial of institution did not affect any of Petitioners' rights, because an IPR petitioner never has a right to institution, let alone any particular set of discretionary criteria regarding institution. *Princess Cruises*, relied upon by Petitioners

(Pet. 16-17), therefore, is inapposite. *Princess Cruises* involved an agency ruling that "worked a significant change in the law" for "already completed cruises" where Princess could not rebut a presumption that all passengers disembarked at a particular layover port, thereby resulting in Princess being overcharged port fees. 397 F.3d at 1367. *See also Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (concluding a rule change "would have impermissible retroactive effect if it would render invalid a notice" of appeal by a litigant who had a statutory right to file); Pet. 17 (discussing *Durr*). By contrast, here, Acting Director Stewart's denial of institution did not abridge Petitioner's rights; the IPR statute contains no criteria for institution and the USPTO is "never compelled[] to institute an IPR." *Mylan*, 989 F.3d at 1382. Whether IPR is instituted or not, Petitioner's substantive rights and obligations are unchanged. The institution decision neither invalidates the challenged patent claims nor ends a petitioner's duty not to infringe a patent. Petitioner may prefer to challenge patent validity through IPR, but the institution or non-institution of IPR does not impose any

substantive legal consequences on Petitioners' conduct—past, present, or future.

Nor can Petitioner articulate any reasonable reliance interest in the former Director's discretionary guidance. (Pet. 15, 18). A retroactivity analysis focuses on the "rights or obligations of the parties," rather than which "tribunal … is to hear the case." *Landgraf*, 511 U.S. at 274 (explaining that rules that "take[] away no substantive right but simply change[] the tribunal that is to hear the case" are not subject to the presumption against retroactivity (quotation marks omitted)).

Moreover, such reliance would be unreasonable given the discretionary nature of IPR institution decisions. The fundamental and mistaken assumption driving Petitioner's argument is, absent the Acting Director's consideration of the USITC litigation and the age of the patents, its IPRs would not have been discretionarily denied. *See* Pet. 12-13. But as explained above, "no petitioner has a right to … institution." *Mylan*, 989 F.3d at 1382. Petitioners also had no reasonable basis to assume that the June 2022 Memo would remain in

place indefinitely or would apply to any IPR petitions it might file. Like guidance from earlier Directors and Board practice[5] that the June 2022 Memo updated—and like the guidance now in place—the June 2022 Memo was not the subject of any justifiable reliance interests. *See Motorola*, 159 F.4th at 37-38; *Cambridge*, 2025 Wl 3526129, *2. As ever, the Director remains free to update agency policy or guidance regarding institution discretion in light of new circumstances or policy changes.

## III. Petitioner Cannot Satisfy The Other Mandamus Factors.

Even if it could meet the mandamus standard's demanding merits bar, Petitioner could not satisfy the remaining two factors: the absence of "adequate alternative means to obtain the relief" sought and a showing that "the writ is appropriate under the circumstances." *Dominion Dealer Sols.*, 749 F.3d at 1381 (quotation marks omitted); *see also Cheney*, 542 U.S. at 380-81.

---

[5] *See supra* n.2.

## A.   Petitioner Has Alternate Means of Relief.

In one short paragraph, Petitioner contends that it has no alternative means of relief because this Court has stated that "the appeal bar in § 314(d) prevents any direct appeal." Pet. 24 (quoting *Mylan*, 989 F.3d at 1380). The only harm Petitioner generally claims is its inability to obtain its requested IPRs. Pet. 24-25. But this Court has already rejected such arguments as "nothing but an attempted end run around § 314(d)'s bar on review." *Motorola*, 159 F.4th at 38. There is no question that there are other avenues for Petitioner to pursue validity challenges, including in district court[6] or ex parte reexamination. *Id.* (recognizing that IPR institution denial does not affect petitioner's ability to raise patentability issues elsewhere). Petitioner's abbreviated discussion does not address these obvious alternative means of relief, so Petitioner cannot carry its burden to

---

[6] Although the parallel District Court litigation between Petitioner and Skyworks is currently stayed (Pet. 6), Petitioner will still have the opportunity to present invalidity defenses in that action when it resumes. Moreover, while any invalidity determinations by the USITC would not be binding on the District Court, invalidity is still available as a defense in that forum, and any such determinations are likely to be considered by the District Court.

show that the alternatives are inadequate.  And the fact that the alternate relief available is not a party's preferred type does not make that relief inadequate or support a grant of mandamus.  *See Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005); *Barnhart v. Devine*, 771 F.2d 1515, 1527 (D.C. Cir. 1985); *Bryan v. McDonald*, 615 F. App'x 681, 684 (Fed. Cir. 2015) (unpublished).  Petitioner also argues that it cannot establish jurisdiction for a prospective notice-and-comment APA suit in the same way as a repeat-player in the IPR process, but that neither solves Petitioner's problem that its challenge must be "'apart from the reviewability of' a specific institution decision," *Motorola*, 159 F.4th at 38 (quoting *Apple*, 63 F.4th at 14), nor does it necessarily demonstrate that Petitioner has no other way to establish District Court jurisdiction over such a challenge.

## B.  Mandamus Relief Is Inappropriate Under the Circumstances.

Finally, "even if the first two prerequisites [for mandamus] have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."  *Cheney*, 542 U.S. at 381.  For the reasons discussed above, (1) Petitioner has not

advanced any colorable constitutional claims for this Court to hear on mandamus; and (2) Petitioner may still pursue its invalidity defenses in the district court litigation or file ex parte reexamination requests.

But even beyond these hurdles, Petitioner seeks an inappropriate exercise of this Court's mandamus authority. Petitioner asks this Court to force the current USPTO leadership to abandon its policy guidance in favor of Petitioner's view of the appropriate factors for discretionary denial. Petitioner seeks to reverse policy determinations reflected by the relevant guidance. *See* Appx50-55. That is not the system Congress enacted. Issuing the writ Petitioner requests would not only inappropriately encroach on the Director's statutory discretion, it would raise political-accountability concerns, hamstringing the current Director from responding to evolving conditions facing the agency and making his own policy judgments. *See United States v. Arthrex, Inc.*, 594 U.S. 1, 21 (2021). Nothing in these circumstances indicates that this is the sort of extraordinary situation that could warrant this Court's issuance of an extraordinary writ.

# CONCLUSION

The Court should deny the petition for a writ of mandamus.


/s/ Peter J. Sawert

BRAD HINSHELWOOD
LAURA E. MYRON
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7228*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave. NW*
   *Washington, D.C. 20530*
   *(202) 514-4819*

NICHOLAS T. MATICH
   *Solicitor*
ROBERT J. McMANUS
   *Acting Deputy Solicitor*
PETER J. SAWERT
FAHD H. PATEL
   *Associate Solicitors*
   *Office of the Solicitor*
   *U.S. Patent and*
    *Trademark Office*

December 19, 2025

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Director's Response to Petition for Writ of Mandamus complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because it contains 6,008 words, excluding the table of contents, table of authorities, and signature block, as measured by the word-processing software used to prepare this filing.

Dated: December 19, 2025

/s/ Peter J. Sawert
Peter J. Sawert